# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JUNE 18, 2001 Session

## BARBARA WHITE v. DR. JOHN ALBRITTON, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 62414 T.D.; The Honorable James F. Russell, Judge**

_____

### No. W2000-03068-COA-R3-CV - Filed July 26, 2001

_____

This appeal arises from a medical malpractice claim filed in the Circuit Court of Shelby County by the Appellant against the Appellees. On the first day of trial, the Appellant announced her intention to voluntarily nonsuit the case. The trial court entered an order of voluntary nonsuit. The Appellees filed a motion for discretionary costs. The trial court held that the motion was premature but would revisit the motion if the lawsuit was refiled. The Appellant refiled the lawsuit in the United States District Court for the Western District of Tennessee. The Appellees refiled the motion for discretionary costs in the Circuit Court of Shelby County. The circuit court granted the Appellees' motion for discretionary costs.

The Appellant appeals from the grant of the Appellees' motion for discretionary costs by the Circuit Court of Shelby County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Craig V. Morton, Memphis, TN, for Appellant

J. Kimbrough Johnson, Memphis, TN, for Appellees, John Albritton, M..D., Mid-South Ob-Gyn Group, P.C., and Thomas Greenwell, M.D.

Michael E. Keeney, Memphis, TN, for Appellees, Herbert Taylor, M.D., George H. Peeler, M.D., and Michael Marshall, M.D.

James L. Kirby, Tabitha f. McNabb, Memphis, TN, for Appellee, Susan Murrmann, M.D.

**OPINION**

**I. Facts and Procedural History**

On June 15, 1994, the Appellant, Barbara White ("Ms. White"), filed a complaint for medical malpractice in the Circuit Court of Shelby County against the Appellees, Dr. John Albritton, Mid South Ob-Gyn Group, P.C., Dr. Thomas Greenwell, Dr. George H. Peeler, Dr. Herbert Taylor, Dr. Susan Murrmann, and Dr. Michael Marshall ("Physicians"). The parties prepared for trial and engaged in extensive discovery. The case was set for trial on several occasions including November 16, 1998, March 15, 1999, and May 17, 1999. On one occasion, the trial court declared a mistrial on the second day of proceedings.

On January 18, 2000, the trial commenced and, on the first afternoon of the trial, Ms. White announced her intention to voluntarily nonsuit the case. Ms. White claims that the disappearance of the court clerk's file, the disappearance of medical records, and the trial judge's wife's medical relationship with some of the Physicians precipitated the voluntary nonsuit. On February 4, 2000, the trial court entered an order of voluntary nonsuit. On February 10, 2000, Physicians filed a motion for discretionary costs in the amount of $6,434.75. At the hearing of Physicians' motion for discretionary costs, the trial court held that the motion was premature but that it would revisit the motion if the lawsuit was refiled.

On August 28, 2000, Ms. White refiled the lawsuit in the United States District Court for the Western District of Tennessee. On September 11, 2000, Physicians refiled the motion for discretionary costs in the Circuit Court of Shelby County. The circuit court granted Physicians' motion for discretionary costs in the amount of $6,434.75. This appeal followed.

**II. Standard of Review**

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

**III. Law and Analysis**

The following two issues, as we perceive them, are presented for our review: 1) whether the trial court had jurisdiction to award discretionary costs; and 2) if the trial court had jurisdiction, whether the trial court abused its discretion by granting Physicians' motion for discretionary costs. We will examine each of these issues in turn.

The first issue presented for our review is whether the trial court had jurisdiction to award discretionary costs. Ms. White argues that the trial court erred by awarding discretionary costs

because the trial court no longer had jurisdiction over the proceedings when the action was refiled in federal court.

Rule 54.04(2) of the Tennessee Rules of Civil Procedure provides that "[t]he court may tax discretionary costs at the time of voluntary dismissal." TENN. R. CIV. P. 54.04(2). The refiling of the lawsuit in federal court following an order of voluntary dismissal in the trial court does not divest the trial court of jurisdiction to award discretionary costs. The trial court is clearly in a better position to make an allowance or disallowance of discretionary costs for expenses incurred while the case is pending in the trial court. Accordingly, we find that the trial court had jurisdiction to award discretionary costs.

The second issue presented for our review is whether the trial court abused its discretion by granting Physicians' motion for discretionary costs. Ms. White argues that the trial court abused its discretion by granting Physicians' motion for discretionary costs because she pursued the litigation in good faith and Physicians were not harmed by the voluntary nonsuit.

Rule 54.04(2) of the Tennessee Rules of Civil Procedure authorizes the trial court to award discretionary costs and provides, in pertinent part:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

TENN. R. CIV. P. 54.04(2).

Trial courts are vested with wide discretion in awarding discretionary costs, and this Court will not interfere with an award of discretionary costs except upon a clear showing that the trial court abused its discretion. See Placencia v. Placencia, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999) (citing Perdue v. Green Branch Mining Co., 837 S.W.2d 56, 60 (Tenn. 1992)). In the case at bar, the trial court awarded the full amount of discretionary costs requested by Physicians, $6,434.75, which was the cost for court reporter expenses and expert witness fees. Applying the foregoing standard, we find no evidence that the trial court abused its discretion in awarding discretionary costs. Accordingly, we find that the trial court did not err by granting Physicians' motion for discretionary costs.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Barbara White, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE